# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BILLY JOE HENSON
ADC #77911
                                                                    PETITIONER

VS.                         5:09CV00037 JMM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before
          the United States District Judge was not offered at the hearing
          before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A 149
Little Rock, AR 72201-3325

### I. Introduction

On February 5, 2009, Petitioner, Billy Joe Henson, an inmate in the Tucker Maximum Security Unit filed this § 2254 habeas action. (Docket entry #2). In his Petition, he challenges the "legality" of two prison disciplinary proceedings, the first charging him with using marijuana and the second, charging him with sexually propositioning a correctional officer. (Docket entry #2). Petitioner was found guilty on both charges. As punishment, he received 30 days in punitive isolation and lost 365 days of good time credit for using marijuana and he received 30 additional days in punitive isolation for propositioning the correctional officer. (Docket entry #2). Petitioner requests the Court to expunge these disciplinary convictions from his record and to restore his good time credit and class status. (Docket entry #2).

After Respondent filed a Response, this Court entered an Order requesting Petitioner to file a Reply addressing Respondent's arguments. (Docket entry #7). The Order was returned with a notation that Petitioner had been "paroled." (Docket entry #9). The Court then directed Respondent to clarify Petitioner's custodial status and address whether Petitioner's habeas petition might now

be moot. (Docket entry #10).

In a Response filed on December 30, 2009, Respondent argued that Petitioner's habeas petition is now moot under the Court's holding in *Spencer v. Kemna,* 523 U.S. 1 (1998)(recognizing that "some 'collateral consequence' of the conviction must exist if a [federal habeas petition] is to be maintained after incarceration or parole"). (Docket entry #12).

For the reasons discussed below, the Court concludes that Petitioner's habeas claims are moot. Accordingly, the Court recommends that this action be dismissed, with prejudice.

## II. Discussion

Article III of the Constitution limits the jurisdiction of federal courts to consideration of ongoing "cases" or "controversies." U.S.C.A. Const. Art. 3., § 2, cl. 1. "[I]t is not enough that a dispute was very much alive when suit was filed.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Comfort Lake Ass'n v. Dresel Contracting, Inc.,* 138 F.3d 351, 354 (8th Cir. 1998), *quoting, Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances...and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723-724 (8th Cir. 2005) *quoting*, *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 496 n.7 (1969)("If an issue is moot in the Article III sense, [the Court has] no discretion and most dismiss the action for lack of jurisdiction.") *Id.*

Petitioner's habeas claims were "very much alive" when he initiated this action on February 5, 2009, and sought to restore his class status and good time credit. Petitioner was clear that he was *not* attacking his underlying state court conviction, but, instead, was attacking his two disciplinary

3

convictions which he believed would lengthen his incarceration in the Arkansas Department of Corrections.

In September 2009, Petitioner was paroled, an event which fundamentally changed the circumstances of his case: "Once [a] convict's sentence has expired...some concrete and continuing injury other than the now-ended incarceration or parole --- some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7 *citing Carafis v. LaVallee*, 399 U.S.234, 238 (1968).

In *Spencer v. Kemna*, the petitioner filed a habeas action challenging the revocation of his parole, which resulted in his re-incarceration. By the time the case reached the United States Supreme Court, the petitioner had already completed his sentence and was again on parole. *Spencer,* 523 U.S. at 8. The Court held that, unlike a typical habeas attack on a felony criminal conviction, from which collateral consequences are presumed to flow, the petitioner was challenging the revocation of parole, something that could not be "presumed" to involve real and material consequences. Thus, the Court held that such a petitioner must affirmatively demonstrate the collateral consequences of having his parole revoked. *Id.* at 12-14.

The Court pointed out that "deprivation of the right to vote, to hold office, to serve on a jury, or to engage in certain businesses" are the type of collateral consequences that render a case justiciable. *Spencer,* 523 U.S. at 8. However, "the most generalized and hypothetical of consequences" will not establish collateral consequences sufficient to state an Article III case or controversy. *Id.* Accordingly, the Court held that it was not enough for petitioner to show that his parole violation could be used against him in a future parole proceeding or that it could be used against him if he were to appear as a defendant in a future criminal proceeding. *Id.* at 14-17. The

4

Court found that such collateral consequences were "contingent upon [petitioner's] violating the law, being caught and convicted" something he should be able to prevent from occurring. *Id.* at 15.

The S*pencer* rationale also applies in this case. Just as in *Spencer*, Petitioner is not attacking his underlying felony criminal conviction. Rather, he is attacking the legality of two disciplinary convictions he received while he was incarcerated. Now that Petitioner has been paroled, he simply cannot demonstrate any "real and material" collateral consequences stemming from those disciplinaries.

Finally, because Petitioner has been paroled, there is no longer an actual injury that can be redressed by a favorable judicial ruling from this Court. While Petitioner has requested the Court to reinstate his good time credit and class status, this relief would *not* affect his "free world status" or parole in any way. Accordingly, this action no longer represents a case or controversy and it should be dismissed as moot.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254, be DISMISSED, WITH PREJUDICE.

Dated this 20th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE